IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | |
| ) | CR. No. 8:98-605-HMH-1 |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Randy Gene Ashley, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Randy Gene Ashley's ("Ashley") "Motion Requesting Relief Under Booker v. United States." After review, the court seeks to recharacterize Ashley's motion as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. Factual and Procedural History

On November 17, 1998, Ashley was found guilty of possession with the intent to distribute methamphetamine and conspiracy to possess with the intent to distribute and to distribute methamphetamine. Ashley was sentenced to one hundred ninety-five (195) months' imprisonment. Ashley filed a § 2255 motion on July 6, 2000, alleging ineffective assistance of counsel, lack of federal jurisdiction, a due process violation, and a fatally defective indictment for failure to allege a specific drug amount. The court granted Ashley's § 2255 motion in part and resentenced him to one hundred sixty-eight (168) months' imprisonment on February 15, 2001. On February 21, 2001, Ashley appealed the court's decision regarding his resentencing. The United States Court of Appeals for the Fourth Circuit dismissed the appeal on January 15, 2002. See United States v. Ashley, No.

1

01-4178, 2002 WL 54179, at *1 (4th Cir. Jan. 15, 2002) (unpublished). On April 27, 2005, Ashley filed the instant motion seeking a reduction in his sentence pursuant to the recent United States Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (U.S. 2005).

## II. DISCUSSION OF THE LAW

"'[T]he exclusive remedy for testing the validity of a . . . [federal] sentence, unless it is inadequate or ineffective,' is a motion under 28 U.S.C. § 2255." United States v. Simpson, No. 00-4929, 2001 WL 1627635, at *3 (4th Cir. Dec. 19, 2001) (unpublished) (Traxler, J., concurring) (quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). "[I]f a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion." United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). The court must "give [Ashley] notice required under *Emmanuel*, consider his claims under § 2255 (barring any objection from [Ashley]), and provide him a reasonable amount of time to amend the motion to reflect any additional claims for relief." United States v. Johnson, No. 03-7128, 2003 WL 22510772, at *1 (4th Cir. Nov. 4, 2003) (unpublished). Therefore, in compliance with Emmanuel, Ashley has ten days from the filing date of this order to notify the court whether he wishes to have the motion submitted on April 27, 2005, considered as captioned or construed as a § 2255 motion and, if he wishes the motion to be his first under § 2255, to add any additional claims for relief. Failure to notify the court in this regard will result in the motion being construed as a § 2255 motion. In addition, the court directs Ashley's attention to the information set forth in 28 U.S.C. § 2255 regarding the

statute of limitations, filing successive § 2255 motions, and the dates on which the statutes of limitations could begin to run. See 28 U.S.C. § 2255.

Therefore, it is

**ORDERED** that Ashley has ten (10) days from the date of this order to object to this court's recharacterization of his motion as one brought under 28 U.S.C. § 2255 and to add additional claims.

**IT IS SO ORDERED**.

> s/ Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
May 17, 2005