IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | C.A. No. _____ |
| ) | CR. No. 8:98-605-HMH-1 |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Randy Gene Ashley, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Randy Gene Ashley's ("Ashley") "Motion Requesting Relief Under Booker v. United States." The court recharacterizes Ashley's motion as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] After a thorough review of the facts and pertinent law, the court summarily dismisses Ashley's motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 17, 1998, Ashley was found guilty of possession with the intent to distribute methamphetamine and conspiracy to possess with the intent to distribute and to distribute methamphetamine. Ashley was sentenced to one hundred ninety-five (195) months' imprisonment. Ashley filed a § 2255 motion on July 6, 2000, alleging ineffective assistance of counsel, lack of federal jurisdiction, a due process violation, and a fatally defective

---

[1] On May 17, 2005, the court informed Ashley of its intent to construe his Booker motion as a § 2255 motion and allowed Ashley ten days to inform the court whether he wished his motion to be construed as his first § 2255 motion and to add any additional claims. (May 17, 2005, Order at 2-3.) Further, the court informed Ashley that failure to respond would result in the motion being construed as a § 2255 motion. (Id. at 2.) Ashley never responded to the order. Therefore, the court construes Ashley's Booker motion as his first § 2255 motion.

1

indictment for failure to allege a specific drug amount. The court granted Ashley's § 2255 motion in part and resentenced him to one hundred sixty-eight (168) months' imprisonment on February 26, 2001 ("resentencing hearing"). Ashley appealed the court's sentence, and the United States Court of Appeals for the Fourth Circuit affirmed the district court's decision regarding his resentencing on January 15, 2002. See United States v. Ashley, No. 01-4178, 2002 WL 54179 (4th Cir. Jan. 15, 2002) (unpublished). Judgment was entered on January 15, 2002. On April 27, 2005, Ashley filed the instant motion seeking a reduction in his sentence pursuant to the recent United States Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (U.S. 2005).

## II. Discussion of the Law

Ashley's § 2255 motion is subject to dismissal on two grounds: (1) he has waived his right to file a § 2255 motion, and (2) his § 2255 motion is time-barred. First, Ashley has knowingly and voluntarily waived his right to file a § 2255 motion. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). At his resentencing hearing, Ashley agreed to waive his right to file any future § 2255 motions. Ashley indicated to the court that he understood that he was waiving his right to file any future § 2255 motions:

> THE COURT:        You understand - - because I do remember something about you. I know you're intelligent and you're educated. Do you understand what's been discussed here?
> THE DEFENDANT: Yes, sir.
> THE COURT:        And is it your desire to accept from the Government and from what you're offering - - if the court would resentence you two

|               |                                                                                     |
|---------------|-------------------------------------------------------------------------------------|
|               | points less under your range to a - - the criminal history category is what? |
| MS. HOWARD:   | It's a two, Your Honor. |
| THE COURT:    | Two. You were sentenced under the final range of thirty-four, criminal history category of two, one hundred and sixty eight to two hundred and ten months. If the court agreed, it would mean that you would be an offense level of thirty-two, criminal history category of two and a range of one hundred and thirty-five to one hundred and sixty-eight months. Do you understand that? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT:    | And if the court would do that, would you agree to abandon your complaint - - all your complaints that you have at this time. |
| THE DEFENDANT: | Yes, sir. |
| THE COURT:    | And furthermore, that you would agree that if the court sentences you within that range, which would be one thirty-five to one sixty-eight, that you would be satisfied with that as far as not filing another 2255; is that your agreement? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT:    | Anything further, I need to discuss with him, Mr. Bannister? |
| MR. BANNISTER: | No sir, Your Honor. I would state on the record that I have discussed each of those issues that you went over with him, and that it is also my understanding that he agrees that he will be waiving what appeals he would have otherwise. |

(Resentencing Tr. at 6-8.) "[A] defendant's solemn declarations in open court . . . carry a strong presumption of verity." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (internal quotation omitted). Further, the United States Court of Appeals for the Fourth Circuit has held that a defendant knowingly and voluntarily waived his right to appeal in his plea agreement based in part on the fact that during the district court's plea colloquy, he "indicated to the district court that he understood all the legal terms in the plea agreement after they had been explained to him by his counsel." United States v. Brown, 232 F.3d 399, 406 (4th Cir. 2000). Ashley indicated that he understood that he was waiving his right to file any future § 2255 motion. Further, his attorney indicated that he had discussed this issue with Ashley. After a review of the resentencing transcript and the record in this case, the court

finds that Ashley's waiver at his resentencing hearing of his right to file a future § 2255 motion was knowing and voluntary. As such, Ashley has waived his right to file the instant motion.

Second, Ashley's § 2255 motion is time-barred. There is a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255. Section 2255 provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

The United States Court of Appeals for the Fourth Circuit entered its judgment affirming the court's decision regarding Ashley's resentencing on January 15, 2002. Ninety days later, the judgment became final on April 15, 2002, the last day that Ashley had to file a petition for writ of certiorari with the United States Supreme Court. See S. Ct. R. 13. As such, under § 2255(1), Ashley had until April 15, 2003, to contest his conviction and sentence. See 28 U.S.C. § 2255. The instant motion was filed on April 27, 2005. Therefore, Ashley's § 2255 motion is time-barred under § 2255(1).

In addition, under § 2255(3), a movant has one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. "'The Supreme Court is the only entity that can make a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or

4

by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.'" Smalls v. United States, No. 03-1293, 2005 WL 1106622, at *4 (E.D.Va. May 10, 2005) (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001)); see cf. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (holding that "for a new rule to be retroactive to cases on collateral review, for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive."). The United States Supreme Court has not made the procedural rule announced in Booker retroactive to cases on collateral review. Anderson, 396 F.3d at 1339-40; McReynolds v. United States, Nos. 04-2520, 04-2632, 04-2844, 2005 WL 237642, at *2 (7th Cir. Feb. 2, 2005) (holding that Booker announced a procedural rule that was not retroactive to criminal cases which became final prior to January 12, 2005); see also, United States v. Marshall, No. 04-7331, 2004 WL 2980733, at *1 n.1 (4th Cir. Dec. 22, 2004) (unpublished) (noting that the Supreme Court has not made the holding in Blakely v. Washington, 124 S. Ct. 2531 (U.S. 2004), which the Supreme Court extended in Booker to apply to the federal sentencing guidelines, retroactive to cases on collateral review). Therefore, because Ashley's

case is on collateral review and the procedural rule announced in Booker is not retroactive, Ashley's claim pursuant to Booker is time-barred under § 2255(3).[2]

Therefore, it is

**ORDERED** that Ashley's § 2255 motion is dismissed.

**IT IS SO ORDERED**.

                                            s/ Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
June 8, 2005

---

[2]Generally, the court may not dismiss a § 2255 motion sua sponte without affording the petitioner the opportunity to explain why the statute of limitations should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443 at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a motion brought under § 2255). However, the court may dismiss a § 2255 motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1) [for a § 2254 petition]" or any of the circumstances enumerated in § 2255 for a § 2255 motion. Id. It is indisputably clear from the materials presented that Ashley's motion is time-barred, and equitable tolling principles do not apply because the Supreme Court's recent holding in Booker is not retroactive to cases on collateral review.